Below is an Opinion of the Court.

_____
RANDALL L. DUNN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

In Re:                              ) Bankruptcy Case
                                    ) No. 13-35761-rld13
KENNETH ERWIN THOMAS                )
KRISTIN LIANE THOMAS,               )
                                    ) MEMORANDUM OPINION
                  Debtors.          )

On Monday, March 17, 2014, I presided at the final evidentiary hearing ("Hearing") in Bend on OneWest Bank's ("Bank") 1) Motion for Relief from Stay (Docket No. 31) ("RFS Motion") with respect to a property ("Property") that the debtors are renting to a third party(ies) and 2) the Bank's objections to confirmation of the debtors' first amended chapter 13 plan, dated February 14, 2014 (Docket No. 72) ("Amended Plan"). After considering the admitted exhibits, the witness testimony presented, and arguments of counsel, I announced my findings of fact and conclusions of law ("Findings and Conclusions") pursuant to Fed. R. Civ. P. 52(a), applicable in bankruptcy proceedings under Fed. R.

Page 1 - MEMORANDUM OPINION

Bankr. P. 7052 and 9014, orally.[1] For the reasons stated on the record, I granted the RFS Motion under §§ 362(d)(1) and (d)(2), effective immediately, waiving the 14-day stay of effectiveness under Rule 4001(a)(3). With those rulings, most of the Bank's objections to the Amended Plan effectively became moot, as the Amended Plan could not be confirmed as written without the consent of the Bank. However, I went on to find that the debtors filed their chapter 13 case and proposed their original chapter 13 plan and the Amended Plan in good faith. A transcript of my Findings and Conclusions has been prepared (Docket No. 102), and I have reviewed it.

Subsequent to the Hearing, on March 24, 2014, I entered the order ("RFS Order") submitted by Bank counsel granting the RFS Motion pursuant to §§ 362(d)(1) and (d)(2) and waiving the stay of its effective date under Rule 4001(a)(3) (Docket No. 98).

On April 3, 2014, new counsel for the debtors filed a motion to reconsider ("Motion to Reconsider") my rulings on the RFS Motion and the RFS Order (Docket No. 105) ("Motion to Reconsider"), supported by the Declaration of Mr. Thomas. I will deny the Motion to Reconsider for the following reasons.

1. <u>Standards for Considering the Motion to Reconsider</u>

Motions to reconsider are not recognized as such in the Federal Rules of Bankruptcy Procedure. Rather, if such a motion is filed within

---

[1] Hereafter, unless otherwise indicated, all chapter and section references are to the federal Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure are referred to as "Civil Rules."

Page 2 - MEMORANDUM OPINION

fourteen days following the entry of the order in a contested matter, it is treated as a motion to alter or amend the judgment/order under Civil Rule 59, applicable in bankruptcy under Rule 9023. As stated by counsel for the debtors in the Motion to Reconsider, "A Motion for Reconsideration is 'analogous to a motion for a new trial or to alter or amend the judgment pursuant to [Civil Rule] 59 as incorporated by Rule 9023.'" United Student Funds, Inc. v. Wylie (In re Wylie), 349 B.R. 207, 209 (9th Cir. BAP 2006).

The Ninth Circuit has held that "[t]here are three grounds for granting new trials in court-tried actions under [Civil] Rule 59(a)(2) [Rule 9023]: (1) manifest error of law; (2) manifest error of fact; and (3) newly discovered evidence." Brown v. Wright, 588 F.2d 708, 710 (9th Cir. 1978). The debtors do not argue manifest error of law or that I clearly erred in my fact findings. Rather, their argument that I should grant the Motion to Reconsider is based on the fact that subsequent to the Hearing, they have obtained "new evidence," in the form of an earnest money agreement for the sale of the Property to a third party buyer for up to $400,000 (the fair market value of the Property, as testified to by the Bank's appraiser witness at the Hearing) that they expect can be closed shortly after court approval.

2. Discussion

I am pleased that the debtors have acted subsequent to the Hearing to find a buyer who may be able to purchase the Property quickly (closing to take place no later than May 12, 2014) for a price that may be acceptable to the Bank and resolve the legal battles that have been ongoing for years between the parties. However, I view that development

Page 3 - MEMORANDUM OPINION

as a matter for negotiation between the debtors and the Bank, as I suggested at the Hearing. I note that in the exhibits to the Motion to Reconsider, the proposed purchase price for the Property is actually $350,000, and the "Buyer will pay up to $400,000 if necessary based on court decision." With RFS granted, it is not my decision, but the Bank's as to what is an acceptable "short sale" purchase price for the Property.

In his Declaration, Mr. Thomas states:

> The reconsideration of the [RFS Order] will allow me to continue to lease the Property from the Buyer with an option to purchase. This will allow me, in the future, to develop the Property, once it comes within the Bend urban growth boundary. The sale of the Property and the Lease option back is necessary for an effective reorganization, as this will allow me to earn money necessary to fund the Plan.

I note that the terms of the suggested "lease back" and repurchase option by the debtors for the Property are not specified in the Motion to Reconsider, and I have no way to evaluate what the impact of those arrangements, once they are specified, will be on the feasibility of the debtor's further amended chapter 13 plan. At this point, I have no basis to determine whether such arrangements will have a positive or negative potential impact on performance by the debtors in chapter 13. Accordingly, while the debtors have made progress, they have not cured the speculative aspects of their proposed retention of the Property, which led me to the conclusion at the Hearing that the Property was not necessary to their "effective" reorganization for purposes of § 362(d)(2). The Motion to Reconsider and Mr. Thomas' supporting Declaration do not alter that conclusion.

Beyond that, nothing in the Motion to Reconsider or Mr. Thomas'

Page 4 - MEMORANDUM OPINION

Declaration calls into question my findings that the debtors have made no payments to the Bank with respect to the Property "at least since late in 2009," that during that time period, the debtors appropriated the rents from the Property for other purposes, and that there is no dispute between the parties as to the amount owed to the Bank, since no objection has been filed to the Bank's proof of claim.  There is no equity as of the filing date for the debtors in the Property, and their hopes that its value will increase substantially in the future for development purposes are too speculative to support my revisiting my determination that cause existed to grant relief from the stay for purposes of § 362(d)(1).  I am comfortable with the Findings and Conclusions that I stated orally at the Hearing, and the Motion to Reconsider does not support a reversal of my decision to grant the RFS Motion, effective immediately.

<u>Conclusion</u>

For the foregoing reasons, I will deny the Motion to Reconsider, and I will enter a contemporaneous order consistent with this Memorandum Opinion.

###

cc: Ted A. Troutman, Esq.
Danielle Hunsacker, Esq.
Wayne Godare, Trustee

Page 5 - MEMORANDUM OPINION